**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SAUNDRA WILSON,<br><br>         Plaintiff,<br><br>      v.<br><br>DREAM CAPITAL MANAGEMENT, LLC,<br>*et al.*,<br><br>         Defendants. | Civil Action No. 25-19071 (MAS)<br><br>(RLS) **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Saundra Wilson's ("Plaintiff") Motion to Remand. (ECF No. 7.) On December 29, 2025, Defendant Robert Napolitano ("Napolitano") removed this action from the Superior Court of New Jersey, Monmouth County, on the basis of, *inter alia*, diversity jurisdiction[1] pursuant to 28 U.S.C. §§ 1332(a), 1441(b). (*See generally* Not. of Removal, ECF No. 1.) On January 29, 2026, Plaintiff filed a Motion to Remand arguing that Napolitano's removal was deficient under 42 U.S.C. §§ 1446, 1447 because: (1) Napolitano, Defendant Dream Capital Management, LLC ("DCM"), and Defendant Praesidium Capital Management, LLC ("PCM," together with Napolitano and DCM, "Defendants") were all properly served with the Summons and Complaint for this action on December 1, 2025; and (2) Defendants

---

[1] Plaintiff is a citizen of California and Napolitano is a citizen of North Carolina. (Not. of Removal ¶¶ 15-16, ECF No. 1.) DCM is a Delaware limited liability company, whose sole member is Napolitano, and as such, it is a citizen of North Carolina. (*Id.* ¶ 16; *see also* Diversity Disclosure Statement, ECF No. 3.) PCM is a citizen of Delaware, as well as the "states where its members are domiciled." (Not. of Removal ¶ 17.) Napolitano is identified as PCM's sole member. (*See* Diversity Disclosure Statement.) Napolitano also stated that DCM has a membership interest in PCM. (Napolitano Cert. ¶ 4, ECF No. 11-1.) PCM is, accordingly, also a citizen of North Carolina.

did not unanimously consent to removal, thereby violating the rule of unanimity. (*See generally* Pl.'s Moving Br., ECF No. 7-1.)

A defendant may remove a civil action filed in state court to federal court if the federal court had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Once the case has been removed, a district court shall remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). All doubts are, accordingly, resolved in favor of remand, *id.* at 403, and the removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper, *Boyer*, 913 F.2d at 111; 28 U.S.C. §§ 1441, 1446, 1447.

Where a case involves multiple defendants, "the rule of unanimity requires that all defendants 'join in the notice of removal or give their consent within the thirty[-]day period for the removal to be proper.'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012) (emphasis omitted) (citation omitted); 28 U.S.C. § 1446(b)(2)(A). There are three exceptions to the rule of unanimity: (1) when "a non-joining defendant is an unknown or nominal party"; (2) "where a defendant has been fraudulently joined"; or (3) "when a non-resident defendant has not been served at the time the removing defendants filed their petition." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (citations omitted).

Napolitano contends the third exception applies because neither DCM nor PCM were properly served pursuant to New Jersey Court Rule 4:4-4(a)(6). (Not. of Removal ¶ 11; Def.'s Opp'n Br. 4-6, ECF No. 11.) Napolitano, however, "confuses the requirements for effecting service upon [a limited liability company ("LLC")] with the requirements of effecting service upon a

2

corporation." *N. Brunswick Parking Auth. v. Brother Jimmy's Franchising LLC*, No. 20-1171, 2020 WL 6363724, at \*3 (D.N.J. Oct. 28, 2020). "The general rule for personal service upon an unincorporated association, such as an LLC . . . , is found in [New Jersey Court] Rule 4:4-4(a)(5)[.]" *MTAG v. Tao Invs., LLC*, 299 A.3d 833, 839-40 (N.J. Super. Ct. App. Div. 2023). New Jersey Court Rule 4:4-4(a)(5) provides that personal service upon an LLC may be effectuated "by serving a copy of the summons and complaint . . . on an officer or managing agent[.]" N.J. Ct. R. 4:4-4(a)(5).[2]

Here, Plaintiff submitted three affidavits of service showing that service was effectuated upon Napolitano individually, and on behalf of DCM and PCM as the registered agent[3] of those entities, on December 1, 2025. (Pl.'s Reply Br., Ex. A, ECF No. 12-1.) Additionally, the Diversity Disclosure Statement in this action lists Napolitano as the sole member of DCM, (Diversity Disclosure Statement, ECF No. 3), and Napolitano identifies himself as the manager of DCM. (Napolitano Cert. ¶ 3, ECF No. 11-1.) Napolitano further concedes that he would have been able to accept service on behalf of DCM. (Def.'s Opp'n Br. 5, ECF No. 11.) Accordingly, the Court is satisfied that service was properly effectuated on DCM when Napolitano accepted service as its managing member on December 1, 2025, and Napolitano has not otherwise demonstrated that he

---

[2] No party disputes that New Jersey law applies.

[3] It is unclear whether Napolitano is, in fact, the registered agent of DCM and PCM as neither party submits any documentation regarding DCM or PCM's registration within the state of Delaware. *See. e.g.*, Del. Code 6 § 18-104 ("Each limited liability company shall have and maintain in the State of Delaware: (1) [a] registered office, which may but need not be a place of its business in the State of Delaware; and (2) [a] registered agent for service of process on the limited liability company . . . ."). It is Napolitano's burden, however, to demonstrate otherwise. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

3

"is *not* an officer or managing agent eligible for LLC service of process under [New Jersey Court Rule] 4:4-4(a)(5)." *Brother Jimmy's*, 2020 WL 6363724, at *3 (emphasis added).[4]

Having found that DCM was properly served, it was required to consent to removal. *Cacoilo*, 902 F. Supp. 2d at 518. A defendant's indication of consent can take the form of either: "(1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." *Macri v. Wright Township*, No. 24-1212, 2025 WL 270060, at *2 (M.D. Pa. Jan. 22, 2025) (quoting *Leben v. Steiner Indus., Inc.*, No. 24-1398, 2024 WL 4476648, at *3 (M.D. Pa. Oct. 11, 2024)). In other words, a consenting defendant must individually submit "some form of unambiguous *written* evidence of consent to the court in a timely fashion" to satisfy the rule of unanimity. *Niblack v. Pettway*, No. 14-3883, 2014 WL 4953247, at *6 (D.N.J. Oct. 1, 2014) (emphasis in original) (quoting *Monaghan v. City of Hackensack*, No. 13-4544, 2014 WL 112973, at *5 (D.N.J. Jan. 9, 2014)).

Here, it is neither clear nor unambiguous whether DCM joined Napolitano's removal petition. Napolitano's Notice of Removal states that "[a]ll [d]efendants [that] have been properly joined and served consent to and join in this Notice of Removal, as evidenced by the signature of their counsel below." (Not. of Removal ¶ 29.) Yet only Napolitano's counsel signed the Notice of Removal. (*See generally id.*). It appears that the same counsel filed Napolitano and DCM's Motion to Dismiss. (*See* ECF No. 4.) Counsel, however, filed a Notice of Appearance on behalf of only Napolitano (*see* ECF No. 2) without filing a Notice of Appearance for DCM—then or at the time

---

[4] The Court notes that Napolitano and DCM have jointly filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) in this action. (ECF No. 4.) By filing a motion to dismiss for failure to state a claim under Rule 12(b)(6) and omitting the issue of insufficient service of process pursuant to Rule 12(b)(5), it appears that DCM may have waived such a challenge. *See* Fed. R. Civ. P. 12(h)(1); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) ("[I]f a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived.").

4

of removal—to indicate that DCM was represented by counsel and, consequently, consented to removal. Additionally, Napolitano has maintained throughout this action that DCM was not properly served, and therefore, its consent was not necessary. (*See generally* Not. of Removal; Def.'s Opp'n Br. 5-6.) For these reasons, the Court finds it ambiguous as to whether DCM truly joined Napolitano's removal petition. Such doubt weighs in favor of remand. *KIA Motors*, 357 F.3d at 403.

Additionally, the record is devoid of any writing evincing DCM's express consent to removal. Even if Napolitano were to obtain DCM's consent at this time (*see* Def.'s Opp'n Br. 5), such consent would be untimely under 28 U.S.C. § 1446(b)(2)(A). *See Sherwin-Williams Co.*, 902 F. Supp. 2d at 518. Accordingly, Napolitano's removal is procedurally deficient, warranting remand under 28 U.S.C. § 1447(c).[5]

For the foregoing reasons,

---

[5] Moreover, with respect to PCM, the record contains significant discrepancies. First, Napolitano's Notice of Removal states that PCM is a defunct entity. (Not. of Removal ¶ 5, eF.) Notwithstanding this representation to the Court, Napolitano identified himself as the sole member of PCM in the Diversity Disclosure Statement. (*See* Diversity Disclosure Statement, ECF No. 3.) Napolitano, however, then certified that he has no personal affiliation with PCM, while also maintaining that DCM, the entity he manages, possessed a membership interest in PCM. (Napolitano Cert. ¶¶ 2-4, ECF No. 11-1.) Napolitano has, further, held himself out to be the registered agent for PCM. (*See supra* n.3.) These factual inconsistencies make it difficult to discern whether Napolitano could accept service on PCM's behalf. Yet without evidence demonstrating that Napolitano was not the proper person upon whom service could be effectuated—as was his burden here—the Court must resolve these doubts in favor of remand. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403(3d Cir. 2004). Having concluded that DCM was properly served on December 1, 2025, it logically follows that PCM was also properly served on that date because Plaintiff served DCM— a member of PCM. N.J. Ct. R. 4:4-4(a)(5). PCM was thus required to indicate its consent to removal in an unambiguous writing or join in the removal petition. It has not done so here.

IT IS, on this 23ʳᵈ day of July 2026, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

2. Napolitano and DCM's Motion to Dismiss (ECF No. 4) is **DENIED AS MOOT**.

3. The Clerk of the Court shall remand this matter to the New Jersey Superior Court, Law Division, Monmouth County.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6